**UNITED STATES of America,**
**Appellee,**

v.

**James Trey NELSON, Defendant–**
**Appellant.**

No. 00–1533.

United States Court of Appeals,
Second Circuit.

March 23, 2001.

Michael L. Desautels, Delaney & Desautels, Albany, NY, for appellant.

Barbara D. Cottrell, Assistant United States Attorney; Daniel J. French, United States Attorney for the Northern District of New York, Richard S. Hartunian, Assistant United States Attorney, on the brief, Albany, NY, for appellee.

Present CARDAMONE, and LEVAL, Circuit Judges, and AMON,* District Judge.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the District Court be and it hereby is AFFIRMED.

James Trey Nelson was convicted by a jury of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) and sentenced principally to 120 months' imprisonment. On appeal, he challenges his sentence.

The defendant contends there was no basis in the record to support the district court's two level enhancement of his offense level under U.S.S.G. § 3C1.1 for willful obstruction of justice. We disagree. The finding of obstruction of justice was

---

* Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

adequately supported by the testimony of the defendant's confederate, Benitez, that the defendant asked him to sign a false affidavit and by letters to Benitez, not admitted into evidence but viewed by the court, containing threats and entreaties not to cooperate with the authorities.

■ We also reject Nelson's contention that two previous sentences, which were separately counted in computing his criminal history category, should have been considered related and therefore counted as one under U.S.S.G. § 4A1.2(a)(2). The mere fact that these sentences were imposed by the same court on the same day does not make them related, *see United States v. Napoli*, 179 F.3d 1, 15–16 (2d Cir.1999), *cert. denied*, 528 U.S. 1162, 120 S.Ct. 1176, 145 L.Ed.2d 1084 (2000), and there is no indication that they were otherwise connected.

■ The defendant contends the district court erred in failing to set forth factual findings on disputed sentencing issues. We reject this claim as well. In making out the judgment, the court clearly indicated it relied on and adopted the factual findings in the presentence report. *See United States v. Martin*, 157 F.3d 46, 50 (2d Cir.1998) ("A sentencing court satisfies its obligation to clearly resolve disputed sentencing issues if it indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations of the probation officer in the PSR." (internal quotation marks omitted)).

We have considered Nelson's other contentions and find no merit in any of them.

Accordingly, the judgment of the district court is AFFIRMED.